MILLIS WELDING & ENGINEERING, INC. *v.*
WILSON SUPPLY COMPANY, et al.

No. 42483          January 7, 1963          147 So. 2d 634

*A. S. Scott, Jr.,* Laurel, for appellant.

*Jones & Stratton,* Brookhaven, for appellees.

McGehee, C. J.

This appeal is from an order dismissing an attachment suit in the Chancery Court of Chickasaw County, filed by the appellant, Millis Welding and Engineering,

Inc., against the Wilson Supply Company, a non-resident corporation at Houston, Texas, and against J. C. Thompson, a local defendant and resident citizen of said Chickasaw County.

The attachment suit was based on the theory that the non-resident defendant Wilson Supply Company had committed a tort by causing to be removed from Lamar County, Mississippi, certain property against which an attachment in chancery was pending, and it was alleged in the instant suit that the non-resident Wilson Supply Company had removed property from Lamar County at a time when the same was *in custodia legis.*

It seems that an attachment in chancery had been obtained in Lamar County by the appellant Millis Welding & Engineering, Inc., against Win Hawkins Drilling Company as a non-resident, and Wash Bass as a local defendant in Cause No. 5520 on the Docket of the Chancery Court of Lamar County, but it developed that property of the Hawkins-Wilkins Production, Inc., had been previously seized in Lamar County by an attachment in chancery at the instance of Fowler Butane Gas Company, Inc., and it is now contended by the appellant herein that the Win Hawkins Drilling Company, and the Hawkins-Wilkins Production, Inc., is one and the same entity. The suit by the Fowler Butane Gas Company in the Chancery Court of Lamar County is No. 5507 on the docket of said court.

The Chancery Court of Lamar County directed that all parties interested should be notified to intervene and that the appellant in the instant case appears to have been one of the interested parties, but it wholly failed, neglected, and refused to intervene in the suit in the Chancery Court of Lamar County as authorized by order of the said court, and that the court then dismissed the suit upon the theory that at the time the attachment suit was instituted by the appellant, Millis Welding and Engineering, Inc., the property seized under the attach-

ment was already *in custodia legis* under the attachment of the Fowler Butane Gas Company and was not subject to the subsequent attachment by the appellant. At any rate, the attachment of the appellant in Lamar County was on September 30, 1961, dismissed with prejudice, and no appeal was taken from that decree.

In the suit thereafter filed in attachment in the Chancery Court of Chickasaw County by the appellant herein, there was no process by publication had and obtained on the non-resident defendant Wilson Supply Company and the Chancery Court of Chickasaw County therefore sustained the motion of the resident defendant J. C. Thompson to dismiss the said suit for lack of jurisdiction.

Either prior to or during the pendency of the two attachment suits in the Chancery Court of Lamar County the appellee Wilson Supply Company herein had foreclosed a mortgage executed by the Hawkins-Wilkins Production, Inc., dated December 3, 1956, and at the foreclosure sale on August 29, 1960, the appellee Wilson Supply Company became the purchaser of the property upon the payment of a consideration of $50,000, and so far as the record shows this purchase was made without notice of any claim against the property by the appellant herein.

We find no error in the action of the Chancery Court of Chickasaw County in sustaining the motion of the local defendant J. C. Thompson to dismiss the suit for want of jurisdiction on the appellee Wilson Supply Company, for which no process by publication had been sought or obtained.

Affirmed.

*Kyle, Ethridge, Gillespie, and Rodgers, JJ.,* concur.